UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER M. PROBST, individually and as representative of a class of participants and beneficiaries of The Lilly Employee 401(k) Plan,<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>and<br><br>BOARD OF DIRECTORS OF ELI LILLY AND COMPANY,<br><br>and<br><br>ELI LILLY AND COMPANY EMPLOYEE BENEFIT COMMITTEE<br><br>and<br><br>ELI LILLY AND COMPANY FUND ADVISORY COMMITTEE,<br><br>Defendants. | Case No. 1:22-cv-1106-JMS-MKK |

**DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS**

In Count III of her Amended Complaint, Plaintiff accused Defendant Eli Lilly and Company ("Lilly") of improperly taking money from the company's 401(k) plan ("Plan"). Because Lilly received payments from the Plan for administrative services, Plaintiff guessed that Lilly's services might have duplicated services from the Plan's third-party recordkeeper, Alight. The Plan's public filings with the Department of Labor, which were referenced in the complaint, contradicted that allegation, but Plaintiff asserted it as fact. In response to the motion to dismiss, Plaintiff admitted that this core allegation had no support, but pressed it anyway, hoping that

discovery might reveal it to be true. The Court was rightly "disturbed" by Plaintiff's admission and dismissed Count III, along with the rest of the Amended Complaint, with prejudice. Dkt. 50 at 31, 33.

While none of Plaintiff's claims were "substantially justified" (the shorthand for the multi-factor test for awarding attorneys' fees and costs under ERISA), Defendants are seeking fees only for defending Count III. This Court has discretion to assess any award against Plaintiff, her counsel, or both. Most of the blame for the pursuit of Count III belongs to Plaintiff's counsel. In addition to bringing this case, Plaintiff's counsel brought *Albert v. Oshkosh Corp.*, 47 F.4th 570 (7th Cir. 2022), and other copycat complaints just like the Amended Complaint. The claims are not based on meaningful investigation other than a review of plans' public filings, which generally fall short of the kind of detail needed to plausibly allege a claim under ERISA. The goal of these lawsuits is to extract multi-million dollar settlements by "exposing the ERISA fiduciar[ies] to probing and costly inquiries and document requests." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 719 (2d Cir. 2013).

Particularly for Count III—which was filed only with the hope that discovery would uncover wrongdoing, rather than with a sound factual foundation—a fee award is necessary to deter similar conduct. That Plaintiff asserted Count III in her original complaint, and then reasserted it in her Amended Complaint even after Defendants noted its shortcomings in their original motion to dismiss, amply justifies a fee award.

## Background

***The Original Complaint.*** In May 2022, Plaintiff filed this lawsuit against Lilly, its Board of Directors, and several persons and entities (collectively "Defendants"). Dkt. 1. Count I alleged that Defendants breached the duty of prudence by failing to ensure that the Plan paid reasonable

2

recordkeeping fees and failed to solicit competitive bids for recordkeeping services. *See* Dkt. 1 ¶¶ 132–39. Count II alleged that Lilly and its Board of Directors failed to monitor the Plan's fiduciaries; the parties agreed this claim was derivative of Count I. *Id*. ¶¶ 139–45. Count III alleged that Lilly violated the ERISA provision that prohibits self-dealing and breached the duty of loyalty by obtaining reimbursement for administrative services that were allegedly already being provided by the Plan's third-party service provider, Alight. *Id*. ¶¶ 146–52.

Defendants moved to dismiss. *See* Dkts. 11, 14. With respect to the self-dealing claim in Count III, Defendants argued that it failed to state a claim because it contained only a single conclusory sentence of support and was contradicted by the Plan's Form 5500s, which showed that the services provided by Lilly and the Plan's third-party recordkeeper, Alight, did not overlap. *Id*. at 16–17. Defendants also explained that the Department of Labor, which is responsible for implementing and enforcing ERISA, expressly permits plan sponsors like Lilly to receive reimbursement from plan assets for reasonable expenses. *See* Dkt. 14 at 19 (*citing* DOL Advisory Opinion 1997-19A, 1997 WL 540069, at *2).

**The Amended Complaint.** Rather than respond to Defendants' motion, Plaintiff filed the Amended Complaint, which asserted the same three claims. The Amended Complaint contained a handful of new allegations about the recordkeeping claim, but no new allegations supporting the self-dealing claim in Count III. Dkt. 26 ¶¶ 139–63.

**The Motion to Dismiss.** Defendants moved to dismiss the Amended Complaint. Dkts. 31–34. They argued that Plaintiff's unchanged self-dealing claim still lacked any supporting factual allegations and was undermined by the Plan's publicly available Form 5500s. Dkt. 34 at 21–23. Rather than withdrawing the claim, Plaintiff responded to the motion to dismiss. Dkt. 41. Plaintiff did not identify any support for the allegation that Lilly's services to the Plan duplicated Alight's,

instead conceding that "it is impossible to know without discovery" whether that allegation was true. *Id.* at 25. In other words, Plaintiff's counsel acknowledged that they did not know whether the core of the self-dealing claim was true—and seemingly had done nothing to find out (even after the initial motion to dismiss).

**The Court's Opinion.** On February 6, 2023, the Court entered an order granting the motion to dismiss with prejudice. Dkt. 50. In addition to noting the absence of factual support for Count III, the Court said it was "disturbed by Ms. Probst's statement that 'it is impossible to know without discovery'" whether that claim had merit, which "show[ed] that Ms. Probst's allegations are based on speculation." *Id.* at 31. The Court entered final judgment the same day.

## Legal Standard

Under ERISA, a district court may "in its discretion . . . allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The only prerequisite for awarding fees is that the moving party show "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). The Seventh Circuit recognizes a "modest presumption" in favor of awarding fees to the prevailing party. *Stark v. PPM Am., Inc.*, 354 F.3d 666, 673–74 (7th Cir. 2004) (upholding fee award to defendant under ERISA). A party is generally entitled to fees unless the losing party's position was "substantially justified," *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 495-96 (7th Cir. 2011), and a "district judge need not find that the party ordered to pay fees has engaged in harassment or otherwise litigated in bad faith" to award fees, *Loomis v. Exelon Corp.*, 658 F.3d 667, 675 (7th Cir. 2011); *see also Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., Inc.*, 657 F.3d 496, 506 (7th Cir. 2011) (affirming partial award of fees where three out of four claims were not substantially justified).

4

## Argument

**I.  Defendants are entitled to attorneys' fees for defending Count III.**

### A. Defendants succeeded on the merits.

This Court entered judgment in Defendants' favor on all claims. Dkt. 50. Thus, Defendants did not just obtain "some degree of success on the merits," as *Hardt* requires, they won a complete victory. That means Defendants are eligible to recover fees and costs for all claims. Nevertheless, they are only seeking fees and costs for defending Count III—the most egregious of Plaintiff's baseless claims. *Hardt*, 560 U.S. at 255. A "modest presumption" in favor of awarding fees applies to this request. *Stark*, 354 F.3d at 673.

### B. Count III was not substantially justified.

A losing party's position is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person." *Trustmark Life Ins. Co. v. Univ. of Chicago Hosps.*, 207 F.3d 876, 884 (7th Cir. 2000) (*quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). To be substantially justified, the claims must have "a reasonable basis both in law and in fact." *Pierce*, 487 U.S. at 565. Count III had neither.

Count III asserted a serious charge: that Lilly engaged in "self-dealing" and "unlawfully [paid] itself from plan assets." Dkt. 26 ¶ 159. Plaintiff alleged that Lilly's services "were already being provided" by the Plan's recordkeeper, which meant Lilly's allegedly duplicative services provided no value to the Plan. *Id.* But Plaintiff did not allege any facts to support those assertions. She did not allege "what types of services Lilly employees provided to the Plan," nor did she allege facts to support the assertion that Lilly's services were duplicative. Dkt. 50 at 30. Worse, the Plan's Form 5500s, which Plaintiff cited in the Amended Complaint, contradicted the allegation that Lilly's services overlapped with those provided by Alight. *Id*. Rather than withdraw Count III, however, Plaintiff argued that "it is impossible to know without discovery" whether Count III had

merit—an admission that "disturbed" the Court because it "shows that Ms. Probst's allegations are based on speculation." *Id*. at 31.

In light of this history, the assertion of Count III—and its reassertion in the Amended Complaint, even after Defendants pointed out its shortcomings in their initial motion to dismiss—cannot be considered "substantially justified." Accusations of self-dealing and disloyalty are serious business; they must be based on fact, not the hope that discovery will uncover wrongdoing. And the mere fact that Lilly was reimbursed for services to the Plan does not, and cannot, justify a claim under ERISA. As this Court explained, ERISA "does not prohibit a plan from paying a plan sponsor for services the plan sponsor provided." Dkt. 50 at 31; *see also Danza v. Fidelity Mgmt. Tr. Co.*, 533 F. App'x 120, 126 (3d Cir. 2013) (ERISA's "purpose is to prohibit transactions that might involve self-dealing by a fiduciary, not to prevent fiduciaries from being paid for their work"). Plaintiff and her counsel just assumed that any reimbursement to the plan sponsor was self-dealing, which is a reckless charge—especially given that Lilly self-reported the annual payments on publicly available forms it provides to the government under a service code that is for the express purpose of noting reimbursements from a plan to a plan sponsor. *See* Dkt. 35 at 22; Dkt. 44 at 13. Plaintiff was not substantially justified in bringing Count III.

### C. *The balance of applicable factors supports an award of attorneys' fees and costs.*

Courts in the Seventh Circuit use a five-factor test to "structure or implement the substantial justification test." *Raybourne v. Cigna Life Ins. Co.*, 700 F.3d 1076, 1090 (7th Cir. 2012). "The five factors include: (1) the degree of the offending parties' culpability or bad faith; (2) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees; (3) whether or not an award of attorneys' fees would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan as a whole;

6

and (5) the relative merits of the parties' positions." *Pakovich*, 653 F.3d at 494 n.2. To the extent relevant (factor 4 is inapplicable), all of these factors favor an award of fees.

### 1. Plaintiff and her counsel are culpable for asserting Count III without an adequate factual basis.

As the Seventh Circuit has held, a prevailing party need not show bad faith to recover attorneys' fees. *Loomis*, 658 F.3d at 674 ("[l]anguage in some appellate opinions declaring 'bad faith' vital to an award under section 1132(g)(1) did not survive *Hardt*"). Even so, the assertion of Count III comes perilously close to bad faith in light of the absence of factual support. At a minimum, the assertion of this claim lacked "substantial justification," which is all that is required to justify fees, because it lacked any support and was contradicted by the Plan's Form 5500s (which Plaintiff referenced in the complaints) and relevant Department of Labor guidance.

### 2. Plaintiff and her counsel can satisfy a fee award.

This Court has discretion to assess fees against Plaintiff, her counsel, or both. *Loving v. Pirelli Cable Corp.*, 11 F. Supp. 2d 480, 495–96 (D. Del. 1998) (awarding fees against plaintiff and plaintiff's counsel), *aff'd*, 178 F.3d 1279 (3d Cir. 1999); *Baker v. Greater Kansas City Laborers Welfare Fund*, 716 F. Supp. 1229, 1230 (W.D. Mo. 1989) (same). By virtue of their training and experience, plaintiffs' lawyers are "in the best position to understand the problems presented by a frivolous case and to advise plaintiff to not pursue the case or to withdraw." *Baker*, 716 F. Supp. at 1231.

Here, the Walcheske firm not only had the experience to know that Count III was unjustified, it also has the resources to satisfy any fee award. The firm touts itself as "the premier employment law firm" and claims to have secured more than $75 million for its clients, including millions of dollars in settlements of other ERISA class actions within the last year. *See* Ex. 1, Walcheske & Luzi, About Us (https://walcheskeluzi.com/why-wl/); Ex. 2, *Reichert v. Juniper*

7

*Networks, Inc.*, No. 21-cv-6213, Dkt. 66-3, Revised Decl. of Paul M. Secunda & Ex. A at 6 (seeking $1 million in fees as part of the *Juniper Networks* 401(k) settlement); Ex. 3, *Walter v. Kerry Inc.*, No. 21-cv-539, Dkt. 36, Pl.'s Mot. for Attorneys' Fees and Costs, Administrative Expenses, and a Case Contribution Award (noting that Plaintiff's counsel intends to seek $300,000 in fees as part of 401(k) settlement); Ex. 4, *Clark v. Beth Israel Deaconess Med. Ctr.*, No. 22-10068, Dkt. 54-1 (seeking $965,700 from the *Beth Israel Deaconess Medical Center* 401(k) settlement); Ex. 5, *Gleason v. Bronson Healthcare Grp.*, No. 21-cv-379, Dkt. 24-1, Pl.'s Memo. of Law in Supp. of Mot. for Attorneys' Fees, Costs, and Class Representative Service Awards (seeking $1 million in fees from *Bronson Healthcare* 401(k) settlement). There can be no doubt about the firm's ability to pay a fee award.

To a lesser extent, Plaintiff, a former Lilly employee, is likewise capable of paying a fee award. Plaintiff worked for Lilly for more than a decade as a professional sales representative and was compensated fairly during that time.

### 3. *A fee award would deter others from filing claims that are not substantially justified.*

The next factor is "whether or not an award of attorneys' fees would deter other persons acting under similar circumstances." *Pakovich*, 653 F.3d at 494 n.2. This factor also weighs in favor of an award.

In 2022 alone, 88 class actions were filed alleging ERISA violations based on excessive recordkeeping and investment fees. *See* Key Fiduciary Liability Storylines of 2022, https://www.euclidspecialty.com/the-key-fiduciary-liability-storylines-of-2022/ (last visited 2/21/23). The Walcheske firm has filed thirty ERISA class actions. Ex. 2 ¶ 20. The number of ERISA class actions being filed suggests one of two possibilities: Either breaches of fiduciary duty are rampant, or some of these copycat lawsuits lack merit. This case falls into the latter category.

8

The complaints in the cases filed by the Walcheske firm are often similar, if not identical, and copied from prior complaints. This case was no exception. The file name of the original complaint uploaded to the Court's ECF system was entitled "Kroger Amended Complaint," and it copied some of its allegations from a similar class action against the Kroger grocery company. After that mishap, Plaintiff's counsel filed a complaint against General Mills—one also asserting a nearly identical self-dealing claim—but this time forgot to replace the Lilly Plan with the name of the General Mills plan. *See* Ex. 6 ¶ 123 n.1. More importantly, Count III was so clearly lacking in merit that deterrence against future, similarly meritless claims is appropriate.

### 4. *Defendants' position is clearly more meritorious than Plaintiff's.*

The last factor is "the relative merits of the parties' positions," *Pakovich*, 653 F.3d at 494 n.2, which also supports an award of fees. This factor supports a fee award where the Court rules on the merits in favor of the party seeking an award. *Anderson v. Hartford Life & Accident Ins.*, 772 F. Supp. 2d 1025, 1027 (S.D. Ind. 2011). As discussed above, the Court ruled in Defendants' favor on all counts, so this factor too supports an award of fees.

## II. Defendants' fees should be examined later.

Once the Court determines that an award of attorneys' fees is proper, it may award reasonable fees. 29 U.S.C. § 1132(g)(1). Under Rule 54(d)(2)(B)(iii), a motion for attorneys' fees must "state the amount sought or provide a fair estimate of it." The rule "does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees." *See* Fed. R. Civ. P. 54 committee cmts. (1993 amendments). Rather, the rules require "the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate)." *Id. See also* Alba Conte, *Attorney Fee Awards* § 6:5 (3d ed.). The

9

court may decide "issues of liability for fees" before receiving evidence on the amount of the fees. Fed. R. Civ. P. 54(d)(2)(C).

Although Defendants believe they are entitled to recover all of their fees and costs, which total more than $430,000, they are seeking an award of only $86,000. Defendants' request represents a reasonable, indeed conservative, estimate of those incurred as a result of the assertion of Count III, in light of the multiple rounds of briefing on Defendants' motion to dismiss and the factual investigation Defendants conducted toward the beginning of the case. Defendants will provide detailed invoices and billing information at the Court's direction. In accordance with Rule 54(d)(2)(C), Defendants respectfully request that the Court decide the "issues of liability for fees" before Defendants provide more detailed information.

## Conclusion

For the foregoing reasons, Defendants respectfully request that this Court grant their motion for attorneys' fees and costs in the amount of $86,000 and award any other appropriate relief.

Dated: February 21, 2023

Respectfully submitted,

By: /s/ Mark B. Blocker

Mark B. Blocker (admitted *pro hac vice*)
Eric S. Mattson (admitted *pro hac vice*)
Sidley Austin LLP
One South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Fax: (312) 853-7036
mblocker@sidley.com
emattson@sidley.com

Christopher J. Bayh (No. 31880-29)
Barnes & Thornburg LLP
11 S. Meridian Street
Indianapolis, IN 46204-3535

        Telephone: (317) 231-7449
        Fax: (317) 231-7433
        chris.bayh@btlaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 21, 2023, the foregoing Defendants' Memorandum in Support of Motion for Attorneys' Fees and Costs was filed via the Court's CM/ECF system, which will send notification to all counsel of record.

/s/ Mark B. Blocker
Mark B. Blocker